UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------

AVROHOM REIZES

                                  Plaintiff,

    -against-

M&T BANK CORPORATION

                                  Defendant.

----------------------------------------------------------

## COMPLAINT FOR VIOLATIONS OF THE FCRA

### *Introduction*

1. Plaintiff Avrohom Reizes seeks redress for the illegal practices of M&T Bank Corporation ("M&T") in violation of the Fair Credit Reporting Act, 15. U.S.C. § 1681, et seq. (FCRA) and the New York Fair Credit Reporting Act, NY CLS Gen Bus § 380, et seq. (NY FCRA)

2. The FCRA and NY FCRA prohibit furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

### *Parties*

3. Plaintiff is a citizen of the State of New York who resides within this District.

4. Plaintiff is a consumer as defined by 15 U.S.C. § 1681a et. seq.

5. Defendant, M&T is a "furnisher of information" within the meaning of the FCRA [15 U.S.C. § 1681s-2 et seq.].

6. Upon information and belief, Defendant M&T's principal place of business is located in Buffalo, New York.

*Jurisdiction and Venue*

7. This court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

8. All conditions precedent to the bringing of this action have been performed.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Avrohom Reizes*

10. The FCRA imposed duties on "furnishers", the sources that provide information to the credit reporting agencies ("CRAs").

11. Furnishers are required to determine whether the information that they previously reported to a CRA is "incomplete or inaccurate." If a furnisher fails to comply with their obligations under § 1681s-2(b), the FCRA authorizes a consumer to assert a private cause of action.

12. When Plaintiff learned of a fraudulent account that was appearing on his Experian credit report, Plaintiff began contesting the fraud account.

13. Plaintiff Avrohom Reizes disputed an M&T Bank credit card account that appeared on his Experian credit report directly with Experian on August 13, 2020. (see attached exhibits)

14. In the said August 13, 2020 dispute, Plaintiff advised Experian that its credit reporting as to this alleged account was inaccurate in that the account was not opened by the Plaintiff and Plaintiff did not authorize anyone to open this account in his name.

15. It is believed and therefore averred that Experian notified Defendant M&T of the Plaintiff's dispute.

16. Plaintiff had also notified M&T directly of the fraud.

17. Nevertheless, M&T failed to investigate the information properly and failed to report the account to Experian as fraudulent. See Whitesides v. Equifax Credit Info. Servs., 125 F. Supp. 2d 807 (W.D. La. 2000). (allowing defamation, negligence, and FCRA claims to go forward against card issuer that continued to report negative information and failed to delete misinformation after being informed of identity theft)

18. M&T further failed to investigate the information properly and continued to send bills to the perpetrator's address with accrued finance and late charges on the fraudulent account.

19. M&T continued to report the fraudulent account such that Plaintiff's credit report began showing derogatory remarks.

20. After the Plaintiff's August 13, 2020 dispute, Experian had notified Plaintiff that it had initiated an investigation into the said dispute.

21. Experian thereafter claimed that Experian's investigations had verified the M&T account over Plaintiff's dispute and that the M&T account information would remain on Plaintiff's credit report.

22. The erroneous information remained on the Plaintiff's credit report as a result of M&T failure to remove the fraudulent account.

23. Defendant M&T has promised through its subscriber agreement or contracts to accurately update accounts but M&T has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA and state law, which has resulted in the erroneous information on Plaintiff's credit report.

24. The United States Court of Appeals for the Fourth Circuit held, that the FCRA requires furnishers to conduct detailed examinations of the documents underlying customer

transactions before responding to inquiries about a customer's debt, instead of relying on computer databases that provide convenient, but potentially incomplete or inaccurate customer account information. See Johnson v, MBNA America Bank, No. 03123S (February 11, 2004).

25. The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007). (To achieve this goal, it "imposes some duties on the sources that provide credit information to CRAs, called 'furnishers' in the statute."), Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1162 (9th Cir. 2009). (These duties are triggered whenever a credit reporting agency notifies the furnisher that a consumer has disputed information that it provided to the agency. Id.; 15 U.S.C. § 1681s-2(b) (1). Once this occurs, the furnisher must "conduct an investigation with respect to the disputed information," "review all relevant information provided by the consumer reporting agency" about the dispute and correct any inaccuracies. *Id*.), see also Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059 (9th Cir. 2002). (Describing furnisher's duties under the FCRA). If the furnisher fails to carry out any of these duties, the consumer who initiated the dispute may sue the furnisher. 15 U.S.C. § 1681o; *Nelson*, 282 F.3d at 1059. See also Haynes v. Chase Bank U.S.A., N.A., Docket No. 7:18-cv-03307 (S.D.N.Y. Apr 16, 2018). ([The Judge] conclude[s], therefore, based on the foregoing allegations in the complaint that the complaint, if true -- and I need to accept it as true -- states a cause of action against Chase for breach of the discharge under Sections 727 and 524(a)(2) of the Bankruptcy Code for intentionally assisting in the collection of discharged debt by not correcting the debtors' credit reports to reflect that the

debt has, in fact, been discharged.), <u>Venugopal v. Citibank, National Association</u>, Docket No. 5:12-cv-02452 (N.D. Cal. May 14, 2012). (Construed in the light most favorable to Plaintiff, this report supports Plaintiff's claim that Citibank continued to misreport Plaintiff's debt history even after Plaintiff initiated his dispute with Experian. Accordingly, he has stated a valid claim under the FCRA.)

26. It is only after receiving the CRA's notice of the consumer's dispute that a furnisher can be liable to the consumer for its failure to participate in the investigation process as required by the statute. A failure of the CRA to forward the dispute to the furnisher relieves the furnisher of its obligation to investigate.

27. However, the furnisher that establishes this defense necessarily establishes the consumer's alternative claim that the CRA breached its statutory duty to notify the furnisher.[1]

28. These litigation alternatives illustrate that whether the CRA or the furnisher (or both) is ultimately responsible for the failure to properly investigate the consumer's dispute is virtually impossible to know prior to formal discovery. Accordingly, the consumer is well advised to join claims against both the furnisher and the CRA when suing either for breaching its investigation duties. This proposition has been expressly endorsed by at least one federal court.

29. Any furnisher who negligently fails to comply with any of its investigation duties is liable to the consumer for actual damages, the costs of litigation, and attorney fees. If the violation is willful, the furnisher is liable for actual damages or minimum statutory

---

[1] <u>Snyder v. Nationstar Mortg. L.L.C.</u>, 2015 WL 7075622 (N.D. Cal. Nov. 13, 2015) (allegation of an inaccurate tradeline that the furnisher failed to correct or delete as part of the investigation process necessarily states a claim for a violation of that duty under § 1681s-2(b)(1)(E)); <u>Abdelfattah v. Carrington Mortg. Serv. L.L.C.</u>, 2013 WL 495358 (N.D. Ca. Feb. 7, 2013) (complaint stated a claim for relief because it alleged an objectively false debt balance that failed to account for foreclosure sale proceeds, and thus showed that the furnisher "did not correct the report after notice and time to investigate)

damages between $100 and $1000, for punitive damages, as well as for costs and attorney fees.

30. As in all FCRA cases, a necessary element of establishing furnisher liability is proof of damages—actual, statutory, or punitive. Thus, the consumer must either establish a willful violation permitting an award of statutory and punitive damages or have suffered damages in connection with a negligent violation. The FCRA is not a strict liability statute, so merely showing that the furnisher did not comply with one of its duties will not establish liability.

31. If M&T did perform a reasonable investigation of Plaintiff's dispute, the M&T account appearing on Plaintiff's credit report would have been removed.

32. Inaccurate information was included in the Plaintiff's credit report due to M&T actions.

33. The Plaintiff suffered injury.

34. The consumer's injury was caused by the inclusion of the inaccurate entry.

35. At all times pertinent hereto, Defendant M&T, acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

36. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

37. Discovery of the violations brought forth herein began and occurred in the month of August, 2020, and is within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

**AS AND FOR A FIRST CAUSE OF ACTION**

*Violations of the Fair Credit Reporting Act by Credit Information Furnishers, (15 U.S.C. 1681)*

### Defendant M&T's failure to notify CRA's of fraudulent credit accounts

38. At all times mentioned in this Complaint, Defendant M&T was a Furnisher of information as referred to in 15 U.S.C. § 1681s-2 of the FCRA. Defendant has negligently and/or willfully violated various provisions of the Fair Credit Reporting Act and other federal and state laws and are thereby liable unto Plaintiff.

39. Plaintiff was a victim of repeated fraudulent issuance of credit to an imposter by Defendant M&T herein.

40. Plaintiff is informed and believes and thereon alleges that at least one if not all of the credit reporting agencies gave notice of the disputes to the furnisher Defendant M&T as required under the FCRA.

41. Plaintiff is further informed and believes and thereon alleges that at least one if not all of the credit reporting agencies gave notice of the disputes to furnisher Defendant M&T as required under the FCRA in that the furnisher Defendant M&T acted on the notice and at least partially changed the report information it furnished.

42. The CRA, Experian reported to Plaintiff that it had given notice of the dispute to the information furnisher.

43. The furnisher Defendant M&T had notice of the dispute by virtue of its own investigation seeking information from the credit report file after the credit reporting agencies has already put a fraud alert warning in the file.

44. Plaintiff himself gave notice of the disputes directly to Defendant M&T.

45. M&T failed to conduct an investigation with respect to the disputed information.

46. M&T failed to review relevant information provided by Experian.

47. Had M&T conducted a reasonable investigation, M&T would have discovered that

   Plaintiff fell victim to identify theft, and promptly modified those items of information, deleted those items of information or permanently blocked the reporting of that item of information.

48. M&T failed to promptly delete that item of information; or permanently block the reporting of that item of information.

49. M&T furnished information that purports to relate to Plaintiff to Experian after Plaintiff submitted an identity theft report stating that information maintained by M&T that purports to relate to Plaintiff resulted from identity theft.

50. Under its subscriber contracts, Defendant M&T owed a number of duties, including the duty to report truthful and accurate information about its customers and about others whom it reported or accessed data.

51. Defendant M&T received re-transmitted disputes from the various consumer reporting agencies, who had received Plaintiff's disputes, and the agencies sent the disputes to Defendant M&T. Nevertheless, Defendant M&T failed in its duties to conduct reasonable reinvestigation into the disputes and subsequently demanded that the false information be retained in Plaintiff's credit records and files held and re-reported by the various agencies.

52. Defendant M&T was aware or reasonably should have been aware that its reportings and activities would damage Plaintiff and his ability to enjoy life and utilize the credit rating and reputation property rights he secured by honoring its obligations to creditors.

53. Defendant M&T recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning the Plaintiff with reckless disregard for the truth.

54. Defendant M&T's publishing of such false and inaccurate information has severely

damaged the personal and consumer reputation of Plaintiff and caused humiliation, emotional distress, mental anguish and physical injury.

55. In doing the acts alleged herein, Defendant M&T willfully, intentionally and/or recklessly failed to comply with the requirements of FCRA, including but not limited to the requirements within 15 U.S.C. § 1681n.

56. As a further proximate result of the acts alleged herein of Defendant M&T, as alleged above, Plaintiff has been harmed in that Plaintiff has incurred attorney's fees and costs necessary to pursue correction of his credit record and protection from further injury and to pursue this claim, and therefore Plaintiff is entitled to his reasonable attorney's fees and costs incurred in prosecution of this claim as allowed pursuant to 15 U.S.C. §§ 1681o(a) and 1681n(a) or otherwise allowed before this court.

57. The acts alleged herein of Defendant M&T was willful and malicious and were done with fraud or oppression, and in reckless disregard of Plaintiff's rights and were intended to or was known likely to oppress and cause injury to Plaintiff and was done within the course and scope of the M&T's employees' employment and/or managerial authority or pursuant to company policy. Plaintiff is therefore entitled to an award of punitive damages.

## **LIABILITY AND DAMAGES**

58. Plaintiff re-states, re-alleges, and incorporates herein by reference, the previous paragraphs as if set forth fully in this cause of action.

59. At all times mentioned in this Complaint, various employees and/or agents of Defendant was acting as agents of Defendant and therefore Defendant was liable to for the acts committed by its agents and/or employees under the doctrine of respondent superior.

60. At all times mentioned in this Complaint, employees and/or agents of Defendant was acting jointly and in concert with Defendant, and Defendant is liable for the acts of such

employees and/or agents under the theory of joint and several liability because Defendant and its agents or employees were engaged in a common business venture and were acting jointly and in concert.

61. Plaintiff believes and asserts that he is entitled to $1,000.00 in statutory damages, pursuant to 15 U.S.C. § 1681 et. seq.

62. Plaintiff believes and asserts that Defendant' actions were willful and intentional.

63. Because Defendant' acts and omissions were done willfully, Plaintiff requests punitive damages.

64. Plaintiff requests punitive damages against Defendant in the amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n et. seq. and other portions of § 1681 et. seq.

65. For purposes of a default judgment, Plaintiff believes that the amount of such punitive damages should be no less than $9,000.00.

66. Plaintiff is also entitled to attorney fees pursuant to 15 U.S.C. § 1681 et. seq.

67. Plaintiff is entitled to any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION
*(New York Fair Credit Reporting Act)*

68. Plaintiff re-states, re-alleges, and incorporates herein by reference, the previous paragraphs as if set forth fully in this cause of action.

69. Defendant M&T failed to delete information found to be inaccurate, reinserted the information without following the NY FCRA, or failed to properly investigate Plaintiff's disputes.

70. Defendant M&T failed to promptly re-investigate and record the current status of the disputed information and failed to promptly notify the consumer of the result of its

investigation, its decision on the status of the information, and his rights pursuant to this section in violation of NY FCRA, N.Y. Gen. Bus. Law § 380-f(a).

71. Defendant M&T failed to clearly note in all subsequent consumer reports that the account in question is disputed by the consumer in violation of NY FCRA, N.Y. Gen. Bus. Law § 380-f(c)(3).

72. As a result of the above violations of the N.Y. FCRA, Defendant M&T is liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

## AS AND FOR A THIRD CAUSE OF ACTION

*(Negligence; Negligent Issuance of Credit; Negligent Enablement of Identity Theft; Negligent Publication of False Information Regarding Financial Matters; Negligent Investigation and Handling of Credit Account Fraud - against Defendant)*

73. Plaintiff re-states, re-alleges, and incorporates herein by reference, the previous paragraphs as if set forth fully in this cause of action.

74. Defendant owed duties of reasonable care to Plaintiff, including having a pre-existing contractual credit relationship with Plaintiff, owing Plaintiff a duty of care with regard to the contractual credit relationship being created by the issuance of the credit cards, and due to the foreseeable impact on Plaintiff of any contractual credit relationship established with the identity thief.

75. Defendant M&T and its associated business entities and business entities supporting them solicited, processed applications and granted false credit in Plaintiff's name to an unrelated third party, failed to reasonably investigate and terminate the false credit, created and passed on adverse credit information about Plaintiff to the credit agencies and others and failed to reasonable correct the false credit information and reporting.

76. Defendant had a duty to Plaintiff to not benefit themselves at unnecessary risk to Plaintiff

by negligently issuing credit without reasonable investigation.

77. The bank credit card issuing Defendant M&T, and its associated business entities, breached such duty to act reasonable toward Plaintiff by the acts alleged herein of processing the credit application of the identity theft perpetrator without reasonable effort to verify the identity of the applicant.

78. Defendant breached its duty to Plaintiff by negligently failing to institute practices and policies to minimize the risk of such negligent issuance of credit.

79. Defendant, in doing the acts alleged herein, including the processing of credit applications without reasonable investigation, and failing to provide warnings as to the fraudulent address, negligently enabled the identity thief in the perpetration of the identity theft.

80. Defendant breached such duty to Plaintiff in that Defendant engaged in a consistent policy and pattern of practice of benefitting themselves by negligently issuing credit without reasonable investigation despite the unreasonable risk to Plaintiff and others.

81. Defendant M&T, failed to correct consumer credit reports concerning Plaintiff which included inaccurate information, including information related to accounts regarding the M&T credit card.

82. Defendant and its employees had a duty to act reasonably as to Plaintiff in the course of the issuance of credit, investigation and credit reporting conduct and fraud actions alleged herein and to protect Plaintiff and see that he was safe from harm by the Defendant.

83. Defendant failed to exercise reasonable care and prudence in the reporting and collection of the disputed account, each subsequent reporting and re-reporting, the handling and reinvestigation of data about Plaintiff, and attempted collection of the subject accounts, all made the subject of this lawsuit, and which consequently caused damaged to Plaintiff.

84. The conduct of Defendant and its employees as alleged above was negligent, careless and wrongful. Management and supervisors of Defendant' employees conducted, confirmed and ratified the negligent acts of Defendant and its employees with a careless disregard for the effects of its conduct on Plaintiff and others.

85. In performing the acts alleged above, and generally in relations, interactions and communications with Plaintiff Defendant and its employees failed to exercise that degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances, thereby proximately causing the damages alleged in this complaint.

86. Defendant and its employees breached its duty to Plaintiff by the acts and omissions herein alleged. Said acts and omissions were done negligently and Defendant knew, or should have known, that such acts and omissions would injure Plaintiff.

87. Defendant' acts alleged herein had the effect of negligently inflicting severe emotional distress upon Plaintiff.

88. Defendant was aware or reasonably should have been aware that the acts would have such effect of inflicting severe emotional distress.

89. The acts alleged herein of Defendant proximately caused Plaintiff to invasion of privacy, humiliation, mental anguish, and emotional distress and losses as set forth herein or as to be established at trial.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    a) Actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

    b) Punitive damages pursuant to 15 U.S.C. § 1681n;

    c)  Attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

    d)  Attorney's fees pursuant to N.Y. Gen. Bus. Law § 380-m; and

    e)  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
May 24, 2021

_____/s/ Adam J. Fishbein_
Adam J. Fishbein, P.C.  (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)


# 1

## Dispute Submitted

**1468-3224-78**
Report Number

**Aug 13, 2020**
Date Submitted

| Dispute Submitted | Under Dispute | Dispute Complete |

Estimated date of resolution:
September 12, 2020

**M&T BANK**
Not mine or No knowledge of account                                   ✓  Submitted

---

## Optional - Upload Supporting Documents

You have the option of including additional documentation with your dispute to help support your claim. Any documentation you upload will be reviewed by an Experian Agent.

Upload a Document (/c/member/disputeCenter/disputeDocument?type=DISPUTE_SUBMIT)

---

## Dispute With Other Bureaus

There are 3 credit bureaus that report your credit information: Experian, TransUnion, and Equifax. You should check all three credit reports to be sure that the information in each is complete and accurate. If you wish to dispute information on your TransUnion or Equifax Credit Reports, please contact them directly to submit your disputes.

# Equifax

Equifax Information Services LLC

P.O Box 740256

Atlanta, GA 30374

Equifax Online Disputes (https://www.equifax.com/personal/disputes)

# TransUnion

TransUnion Consumer Solutions

P.O Box 2000

Chester, PA 19022-2000

TransUnion Online Disputes (https://www.transunion.com/credit-disputes/dispute-your-credit)

Notify companies of your results by mail > (/c/member/disputeCenter/notifyCompanies)

**Dispute Center Home**

Services —

    Overview

    Reports & Scores

    Personal Finances BETA

    Financial Profile

    Protection

    Credit Cards

    Loans

Tools —

    Experian Boost

Experian CreditLock

Score Planner

Score Simulator

Score Tracker

Support —

Disputes Guide

FAQs

Glossary

Education

Get the free Experian app:

 

Follow us:

   

About Us

Ad Targeting Policy

Contact Us

Terms & Conditions

Privacy Policy

© 2020 Experian. All rights reserved.

Experian and the Experian trademarks used herein are trademarks or registered trademarks of Experian Information Solutions, Inc., ConsumerInfo.com, Inc. or its affiliates. Other product or company names mentioned herein are the property of their respective owners. Licenses and Disclosures.

